```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

CATARINO BALTAZAR,

        Plaintiff,

v.                             Case No.: 8:10-cv-2932-T-33MAP

BALBOA INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Catarino Baltazar's Amended Motion to Remand (Doc. # 5), filed on January 11, 2011, Balboa Insurance Company's Response (Doc. # 11), filed on March 15, 2011, and Balboa Insurance Company's Supplemental Response (Doc. # 15), filed on April 14, 2011. For the reasons that follow, the motion to remand is denied.

**I. Procedural History**

Baltazar filed suit against Balboa, his insurer, in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida on November 24, 2010. (Doc. # 2). Baltazar's complaint states, "The amount in controversy in this action exceeds the sum of Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of pre-judgment interest, court costs, and attorney's fees." (Doc. # 2 at ¶ 1). The lawsuit arises from an insurance dispute. Id. The sole count contained in the complaint is for breach of contract. Balboa

insures Baltazar's home, and the insurance policy covers "sinkhole collapse" damages. (Doc. # 2 at 10, ¶ IV). Baltazar claims that his home was damaged by sinkhole activity on January 16, 2010. (Doc. # 2 at ¶ 9). Balboa denied coverage. Id. at ¶ 13.

On December 29, 2010, Balboa removed the case to this Court. (Doc. # 1). In its notice of removal, Balboa explains that it is a California company and that Baltazar is a Florida resident. (Doc. # 1 at 3). Balboa also asserts that the amount in controversy exceeds $75,000.00 because the applicable policy of insurance has a $105,000.00 limit of liability. Id. at 2. Baltazar seeks an order of remand arguing that "[t]he allegations contained within Balboa's Notice of Removal are insufficient to establish an amount in controversy beyond the requisite threshold. Thus diversity of citizenship does not lie with this Honorable Court, and this matter must be remanded." (Doc. # 5 at 2).

Balboa initially responded to the motion to remand on March 15, 2011 (Doc. # 11), and on April 14, 2011, filed a supplemental response (Doc. # 15). Pointing to the applicable policy limits and the estimated cost of the repairs to the insured property, Balboa contends that the amount in controversy requirement has been met.

2

## II. Legal Standard

Under 28 U.S.C. § 1441, the defendant may remove an action brought in state court to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction is established where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Where a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. Id.

Federal courts are directed to construe removal statutes

3

strictly and resolve all doubts about jurisdiction in favor of remand to state court. <u>Univ. of S. Ala. v. Am. Tobacco</u>, 168 F.3d 405, 411 (11th Cir. 1999). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. <u>Id.</u>

### III. **Analysis**

The Court first looks to Baltazar's complaint to determine the burden of proof that Balboa must bear in demonstrating the amount in controversy requirement. The complaint states that the amount in controversy exceeds fifteen thousand dollars, but it does not specify an amount certain (Doc. # 2 at 1); therefore, a preponderance of the evidence standard applies. Baltazar's complaint contains no other information that makes it facially apparent that the amount in controversy exceeds $75,000.00. Therefore, the Court looks to Balboa's notice of removal. (Doc. # 1). In asserting that the jurisdictional requirement is satisfied, Balboa relies on the policy limits in this case ($105,000.00), an amount which exceeds $75,000.00.

Where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy

4

by reference to the face of the policy. Warth v. State Farm Fire & Cas. Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992) (citing Allstate Ins. Co. v. Brown, 736 F. Supp. 705, 707 (W.D. Va. 1990)). Where the insured does not seek to recover the maximum under the policy, the court cannot rely exclusively on the policy limit as the measure of the amount in controversy. Warth, 792 F. Supp. at 103.

In this case, it appears that Baltazar is seeking the policy limits. Baltazar alleges that he is:

> entitled to the full cost of repairs of the damage to The Insured Property, including, but not limited to, remediation of subsurface conditions, restoration of the foundation, cosmetic repair, repair of the cracks, structural repair, temporary repairs and other expenses necessary to repair The Insured Property, and if The Insured Property is not repairable within the applicable coverage limits, <u>an amount equal to such limits</u> for the total loss.

(Doc. # 2 at ¶ 18)(emphasis added).

A neutral reading of Baltazar's complaint leads the Court to conclude that he seeks the policy limits, which exceed $75,000.00, thus satisfying the amount in controversy requirement for removal. In addition, Balboa has filed a document that further supports the Court's determination that the amount in controversy requirement has been met. Balboa filed a signed copy of Baltazar's retained expert's report.

Baltazar's expert opines that the cost to repair Baltazar's property is estimated to be at least $159,815.00. (Doc. # 15-1 at 8).[1]  Regardless of whether Baltazar is seeking the policy limits ($105,000.00) or the cost to repair the property ($159,815.00), Balboa has satisfied this Court that the requirements for diversity of citizenship jurisdiction and for removal have been met.  The motion to remand is therefore denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Catarino Baltazar's Amended Motion to Remand (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

---

[1] The document providing an estimate for repairs in the amount of $159,815.00 (Doc. # 15-1) is dated August 31, 2010, and, thus, predates Balboa's notice of removal.

6