```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

CATARINO BALTAZAR,

        Plaintiff,
v.                                    Case No.: 8:10-cv-2932-T-33MAP

BALBOA INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Balboa Insurance Company's Motion to Dismiss (Doc. # 3), filed January 5, 2011. Plaintiff Catarino Baltazar filed a Memorandum in Opposition (Doc. # 6) on January 21, 2011. For the reasons that follow, the Court denies the Motion to Dismiss.

**I. Background**

On November 24, 2010, Baltazar filed a complaint against the insurer of his home, Balboa, in the Circuit Court for the Sixth Judicial Court in and for Pinellas County, Florida. (Doc. # 1). Balboa insures Baltazar's home located at 20 North Aurora Avenue, Clearwater, Florida, 33765, covering "sinkhole collapse" damages. (Doc. # 2 at 10, ¶ IV). Baltazar claims that his home was

damaged by sinkhole activity on January 16, 2010. (Doc. # 2 at 2, ¶ 9). Balboa denied coverage. Id. at 3, ¶ 13.

Balboa removed the case to this Court on December 29, 2010. (Doc. # 1). In its notice of removal, Balboa explains that it is a California company and that Baltazar is a Florida resident. Id. Balboa also asserts that the amount in controversy exceeds $75,000.00 because the applicable policy of insurance has a $105,000.00 limit of liability. Id. at 2. Baltazar filed a Motion to Remand on January 11, 2011. (Doc. # 5). This Court denied the Motion to Remand on May 24, 2011. (Doc. # 18). Balboa filed a Motion to Dismiss in response to the Complaint on January 5, 2011, on the grounds that Baltazar has no standing to sue under the policy, as he is neither a named insured nor a third-party beneficiary of the policy. (Doc. # 3). For the reasons that follow, the Court denies the Motion to Dismiss.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all of the allegations of the complaint and construes them "in the light most favorable to the plaintiff." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir.

2009).  All that is required is "a short and plain statement of the claim" pursuant to Fed. R. Civ. P. 8(a)(2). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

In order to survive a motion to dismiss, "the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(internal citation and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**III. Analysis**

Balboa alleges that Baltazar lacks standing to bring this case because Baltazar is neither a named insured nor an additional insured under the policy. (Doc. # 3). Balboa contends that the insurance policy covering sinkhole damages was procured by BAC Home Loans Servicing, LP, Baltazar's mortgage company. Baltazar, on the other hand, argues that, regardless of who procured the policy, he has standing because he has an insurable interest in the property in question as the homeowner. (Doc. # 6).

Florida Statute § 627.405 provides the basis for standing to sue under an insurance contract.

> (1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
> (2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
> (3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

Fla. Stat. § 627.405

In Florida, "an insurable interest is not determined by the concept of title, but rather whether the insured has

-4-

a substantial economic interest in the property." Aetna Ins. Co. v. King, 265 So.2d 716, 718 (Fla. 1st DCA 1972). The promise by the insurance company to pay the mortgagees the extent of their loss may be enforced by a third party beneficiary even if that third party beneficiary possesses no policy of insurance in their name. See Fawkes v. Balboa Ins. Co., Case No. 8:10-cv-2844-T-30TGW, 2011 U.S. Dist. LEXIS 14590, at *7, (M.D. Fla. Feb. 11, 2011)(holding that an insurance policy may be enforced by a property owner even if he possessed no insurance policy in his name); Norfolk & Dedham Mut. Fire Ins. Co., 281 So.2d 373, 375 (Fla. 3rd DCA 1973)(allowing purchaser of property insured under vendor's fire insurance policy to recover despite not having a policy in his name).

In this case, Baltazar is the homeowner: he therefore has an actual, lawful, and economic interest in the property in question. As defined by Fla. Stat. § 627.405, Baltazar has an insurable interest. This Court thus concludes that Baltazar has standing to bring this case, and, therefore, denies the Motion to Dismiss.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

-6-

Balboa Insurance Company's Motion to Dismiss (Doc. # 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of June, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record