UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATARINO BALTAZAR,

               Plaintiff,

v.                               Case No. 8:10-cv-2932-T-33MAP

BALBOA INSURANCE COMPANY,

               Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Catarino Baltazar's Motion for Voluntary Dismissal Without Prejudice (Doc. # 34), which was filed on December 27, 2011. Balboa Insurance Company filed a Response in Opposition to the Motion (Doc. # 36) on January 10, 2012.

For the reasons that follow, this Court dismisses Baltazar's suit against Balboa without prejudice under Rule 41(a)(2), Fed. R. Civ. P., and imposes the curative condition that Baltazar be required to pay Balboa's attorney's fees and costs incurred in this action if Baltazar re-files his case against Balboa.

**I.**   **Procedural History**

Baltazar alleges that his home was damaged by a sinkhole and that Balboa, his insurer, failed to pay

insurance proceeds. Baltazar filed a breach of contract action against Balboa in state court on November 24, 2010. (Doc. # 2). Balboa removed the case to this Court on December 29, 2010, on the basis of diversity of citizenship. (Doc. # 1). Balboa filed a Motion to Dismiss on January 5, 2011, arguing that Baltazar is not entitled to insurance proceeds because he is not named as an insured on the relevant insurance policy. (Doc. # 3). The Court denied the Motion to Dismiss after finding that Baltazar has an insurable interest by virtue of his ownership of the home, regardless of a mortgage encumbering the property. (Doc. # 19). Baltazar moved to remand, arguing that the amount in controversy does not exceed the threshold amount of $75,000. (Doc. # 5). The Court rejected Baltazar's argument and denied the Motion to Remand upon consideration of the claimed damage to the property ($159,815) and the policy limits ($105,000). (Doc. # 18).

The parties filed a Case Management Report on April 7, 2011, and the Court issued its Case Management and Scheduling Order on May 3, 2011. (Doc. ## 14, 16). The Court established June 20, 2011, as the deadline for motions to amend pleadings, September 30, 2011, as the discovery

deadline, and November 14, 2011, as the dispositive motions deadline. This case is set for a February 7, 2012, pretrial conference and a March, 2012, jury trial. (Doc. # 16).

After reaching an impasse at mediation on September 19, 2011, Balboa filed its Motion for Summary Judgment on November 11, 2011. (Doc. # 28). Among other arguments, Balboa asserts that Baltazar is not entitled to any insurance proceeds because Baltazar has not made a payment on his mortgage or paid insurance premiums since 2007. (Doc. # 28 at 1-2).

Rather than responding to Balboa's Motion for Summary Judgment, Baltazar filed a Motion to Amend the Complaint to add new counts against Balboa and to join Bank of America and BAC Home Loan Servicing, L.P. as Defendants. On December 13, 2011, the Court denied the Motion to Amend the Complaint and directed Baltazar to file his response in opposition to the Motion for Summary Judgment within 14 days. (Doc. # 33). Rather than responding to the Motion for Summary Judgment, Baltazar filed his Motion for Voluntary Dismissal. (Doc. # 34). Baltazar seeks dismissal of this action at this late stage without prejudice.

## II. Legal Standard

Rule 41, Fed. R. Civ. P., governs this matter and states in pertinent part:

> (a) Voluntary Dismissal.
> (1) *By the Plaintiff.*
> (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper.** If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

41, Fed. R. Civ. P. (emphasis added).

Baltazar seeks dismissal without prejudice under Rule 41(a)(2), Fed. R. Civ. P. "Rule 41(a)(2) permits the plaintiff to seek voluntary dismissal by court order if such dismissal is no longer available as of right under Rule 41(a)(1)(A)(i) and the plaintiff cannot secure consent to a stipulated dismissal." 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.40[1] (3d ed. 2011). But Rule 41(a)(2), Fed. R. Civ. P., is not to be employed without consideration of the defendant. The Eleventh Circuit commented in McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986), that "[t]he purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. at 856 (internal citations omitted). The McCants court further advised that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." Id.

In deciding whether to dismiss Baltazar's case pursuant to Rule 41(a)(2), Fed. R. Civ. P., this Court must make three determinations: "(1) whether or not to allow dismissal

of the case at all; (2) if the Court allows dismissal, whether it should be with or without prejudice; and (3) if the Court allows dismissal without prejudice, what terms and conditions, if any, should be imposed." Spencer v. Moore Business Forms, Inc., 87 F.R.D. 118, 199 (N.D. Ga. 1980).

**III. <u>Analysis</u>**

"A voluntary dismissal without prejudice is not a matter of right." Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991). As stated in Pontenberg v. Boston Science Corp., 252 F.3d 1253 (11th Cir. 2001), "[T]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. at 1256 (internal citations omitted). In this case, allowing dismissal will not cause Balboa to suffer clear legal prejudice, and because both parties agree that the case should be dismissed, this Court determines that it is appropriate to allow dismissal.

Furthermore, the Court determines that the dismissal should be without prejudice. Balboa has not articulated a

basis for dismissal of this action with prejudice, and the Court finds that Balboa's interests will be adequately protected by the imposition of curative conditions. Specifically, the Court conditions the dismissal without prejudice upon the requirement that Baltazar pay Balboa's reasonable attorney's fees and costs incurred in this action should Baltazar elect to re-file his action against Balboa. See Pontenberg, 252 F.3d at 1260 ("Where the practical prejudice of expenses incurred in defending the action will be alleviated by the imposition of costs or other conditions, the district court does not abuse its broad equitable discretion by dismissing the action without prejudice." (internal citations omitted)).

The Court's curative condition is appropriate because the case has been pending in this Court since December 29, 2010, the parties have engaged in substantial discovery, and Balboa has gone to the time and expense of filing a motion for summary judgment. However, the Court makes itself clear that Baltazar is not obligated to pay Balboa's reasonable attorney's fees and costs unless and until Baltazar re-files his complaint against Balboa.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Catarino Baltazar's Motion for Voluntary Dismissal Without Prejudice (Doc. # 34) is **GRANTED** to the extent that this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2), Fed. R. Civ. P., with curative conditions as described herein.

(2) The Clerk is directed to terminate all pending motions and to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of January, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record